OPINION OF THE COURT
Steven B. Derounian, J.
In this proceeding pursuant to CPLR article 78, judgment is granted the petitioner reversing that part of respondent Shang’s determination which after a statutory fair hearing affirmed the local agency’s denial of a shelter allowance in the computation of petitioner’s need for assistance.
That portion of the determination, however, which affirmed the denial of payment of mortgage arrears is sustained.
The local agency shall utilize a shelter allowance in making an appropriate grant of assistance.
The court agrees with petitioner that although the payment of mortgage arrears is discretionary with the agency, a shelter allowance is required by the respondents’ rules and regula *461 tions as set forth in 18 NYCRR 352.3 (a) (1) and 18 NYCRR 352.4 (b).
The respondents’ interpretation of these regulations puts undue emphasis upon the words "actually paid”. The purpose of a shelter allowance is to meet the present need for shelter and there is no authorization to deny an allowance for an obvious need merely because mortgage payments may be in arrears.
Obviously at the time of her application petitioner’s family needed shelter and an appropriate award should have been made considering all of petitioner’s needs including that for shelter. The respondents’ own regulations (18 NYCRR 352.7 [g]) recognizes that assistance should be granted to meet "current needs”.
The court also notes that petitioner is now employed and through her own efforts is attempting to eliminate the mortgage arrears.
These subsequent events, however, do not excuse respondents’ failure to properly compute and ascertain her needs for assistance when her application for aid was denied.
Under the circumstances, the respondents’ failure to recognize the need for a shelter allowance was arbitrary and capricious and contrary to law.